IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

```
IN RE                              )
                                   )
VIOLETTE and SHERMAN BROWN,        )   CASE NO. 10-80454-G3-13
                                   )
        Debtors                    )
                                   )
```

MEMORANDUM OPINION

The court held a hearing on the "Debtors' Emergency Motion For Imposition Of The Automatic Stay Pursuant to 11 U.S.C. Section 362(C)(4)(B)" (Docket No. 3) filed by Violette and Sherman Brown, and after considering the opposition by Creditors, William R. Pendergraft, individually, and as counsel for John S. Martin and the Estate of Robert Louis Anderson, Deceased (hereinafter collectively referred to as "Pendergraft"), the pleadings, evidence, testimony, and argument of counsel, the court makes the following Findings of Fact and Conclusions of Law.  A separate Judgment will be entered denying the request for the imposition of the automatic stay as to all creditors.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Violette and Sherman Brown (Debtors) filed the instant voluntary Chapter 13 case on August 2, 2010.  Prior to the filing

of the instant case, Debtors have filed six other bankruptcy proceedings. Debtors, appearing *pro se*, filed four bankruptcy cases in the District of New Jersey between 1990 and 1994.[1] The instant case is Debtors' third bankruptcy filing in the Southern District of Texas.

In this District, a voluntary chapter 7 proceeding, Case No. 09-80409-G3-7 (the "First Case"), was filed by Debtors, appearing *pro se*, on September 14, 2009. After the creditors' meeting was held, Debtors filed a request to voluntarily dismiss the case because they realized certain real property, with a motel located thereon in Sargent, Texas (Motel), would be not be exempt and they did not want to lose it. The court dismissed the case, after a hearing, on April 8, 2010. First Case, Docket No. 53. On May 3, 2010, Debtors filed an Ex Parte Motion to Reopen the case to avoid a lien on, and prevent a state court sale of, the Motel. The request to reopen was denied without prejudice on procedural grounds. First Case, Docket Nos. 55 and 56.

Thereafter, on May 20, 2010, a voluntary chapter 13 proceeding, Case No. 10-80290-G3-13 (the "Second Case"), and an "Ex Parte Emergency Motion To Avoid Judicial Lien and Sheriff [sic] Sale on Real Estate" were filed by Debtors, appearing *pro se*. Docket Nos. 1 and 6. The relief requested in Debtors' ex parte emergency motion was the same as that requested in their

---

[1] Case Nos. 90-24198, 92-24418, 93-27362, and 94-34434.

2

motion to reopen the First Case.  After a hearing, the motion was denied for failure to file the request as an adversary proceeding.  Second Case, Docket Nos. 6 and 15.  Debtors filed a Motion to Substitute Attorney on June 11, 2010, which the court granted.  Second Case, Docket Nos. 34 and 44.  Debtors, appearing through counsel, filed an Emergency Motion to continue the automatic stay and the court issued a Show Cause Order for dismissal.  The case was dismissed on July 23, 2010 due to Debtors' ineligibility for bankruptcy relief (for failure to complete pre-petition credit counseling) and for Debtors' failure to file documents required by 11 U.S.C. § 521(a).  Debtors appeared at the show cause hearing and were not opposed to the dismissal.

     Upon the filing of the instant case on August 2, 2010, the automatic stay did not go into effect because Debtors had two cases pending within the same year that were dismissed.  11 U.S.C. § 362(c)(4)(A)(i).  Debtors seek to have the court impose the automatic stay as to all creditors.  Debtors allege that the instant case was filed in good faith as evidenced by the fact that they are represented by bankruptcy counsel and they have the ability to fund a chapter 13 plan that can be fully performed.  Debtors claim to have submitted an ACH to the Chapter 13 Trustee to allow automatic plan payments to be made.  The docket sheet does not reflect the filing of a Certification that this was done.

Pendergraft is a secured creditor, with a judgment lien in the amount of $80,000, from the issuance of a state court judgment regarding litigation that has been ongoing for over four years. Pendergraft has attempted to execute on the judgment through the seizure and foreclosure sale of the Motel. He opposes continuation of the stay on the bases that the instant case was not filed in good faith and was an attempt to hinder, delay and/or defraud creditors.

In the instant case, Debtors have filed a plan which proposes to pay all secured and priority creditors during 60 months, with monthly payments of $1,180 during months 1 through 59 and a balloon payment of $104,085.00 in month 60. The proposed plan includes the surrender of real property in New Jersey and the sale of the Motel in Sargent, Texas (the proceeds of which are to fund the balloon payment in the 60th month), and provides a 12% estimated dividend to unsecured creditors.[2] Debtors are to retain their residence and 70 undeveloped lots located in Sargent, Texas. Debtors' monthly income consists of $2,052.80 from social security, $273 from a pension, $1,150 from a retirement annuity, and $1,024 from operating the Motel.

---

[2] Debtors filed a chapter 13 plan with the petition (Docket No. 2). On August 18, 2010, after the hearing on the instant motion, Debtors filed an Amended Plan (Docket No. 21). The Amended Plan increases the payment amount in month 60, lists Bank of America Home Equity as a claim secured by Debtors' homestead, and increases the estimated dividend to unsecured creditors from 11% to 12%. There is no significant difference between the plans as they relate to the instant motion.

Debtors' monthly expenses total $3,319.80.  Debtors' Schedules I and J reflect a projected monthly net income of $1,180.  Docket No. 8.  Debtors calculation of income from the Motel is based upon the actual income and expenses for operating the Motel in 2009.

The Motel is located in a rural community in Matagorda County, Texas, has five guestrooms, and the occupancy rate is tied to seasonal fishing.  Debtors have claimed part of the Motel as exempt property in the instant case.  Violette Brown (Brown) testified that operating the Motel during the plan duration is integral to the plan's success.  She testified that income from the Motel in 2010 has dropped dramatically from that received in 2009.  Brown testified that Debtors could maintain the proposed plan payments when occupancy was low by setting aside money from months that were more profitable.  Brown testified that the plan was proposed in good faith.

## Conclusions of Law

Section 362(c)(4) of the Bankruptcy Code provides:

   (c) Except as provided in subsections (d), (e), (f), and (h)
       of this section--

                            * * *

     (4)(A)(i) if a single or joint case is filed by or
           against debtor who is an individual under this
           title, and if 2 or more single or joint cases of the
           debtor were pending within the previous year but
           were dismissed, other than a case refiled under a
           chapter other than chapter 7 after dismissal under
           section 707(b), the stay under subsection (a) shall
           not go into effect upon the filing of the later

>     case; and
>     (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;
>
> (B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may then impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;
>
> (C) a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect; and
>
> (D) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--
>
>     (i) as to all creditors, if--
>
>         (I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;
>
>         (II) a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or
>
>         (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13,

>       with a confirmed plan that will be fully
>       performed; or
>
>   (ii) as to any creditor that commenced an action
>   under subsection (d) in a previous case in which the
>   individual was a debtor if, as of the date of
>   dismissal of such case, such action was still
>   pending or had been resolved by terminating,
>   conditioning, or limiting the stay as to such action
>   of such creditor.

11 U.S.C. § 362(c)(4).

Debtors were petitioners in two or more cases pending within the year prior to filing the instant bankruptcy case and as such, the automatic stay did not go into effect pursuant to Section 362(c)(4)(A)(i).  Section 362(c)(4)(B) of the Bankruptcy Code provides that the court may impose the stay if (1) the debtor requests the court to do so; (2) the request is made within 30 days after the petition was filed; (3) notice is given to parties in interest and a hearing is held; and (4) the movant proves that the filing of the instant case is in good faith as to the creditors to be stayed.  Debtor bears the burden of proof to establish that the case was filed in good faith and that the automatic stay should be imposed.  *See In re Charles*, 332 B.R. 538 (Bankr. S.D. Tex. 2005); *In re Collins*, 335 B.R. 646 (Bankr. S.D. Tex. 2005).

Section 362(c)(4)(D) provides that a statutory presumption that the latest case was not filed in good faith applies if certain circumstances exist.  If the presumption applies, then a debtor may rebut the presumption by presenting

7

clear and convincing evidence.  Otherwise, the determination of whether the case was not filed in good faith must be proved by a preponderance of the evidence.  *In re Ortiz*, 355 B.R. 587 (Bankr.S.D.Tex. 2006).

Section 362(c)(4)(D) provides, in the alternative, that a case is presumed not to have been filed in good faith, as to all creditors, if: a debtor had two or more prior cases pending within one year of the filing date of the instant case; a previous case was dismissed within the preceding one year period after the debtor failed to (a) file or amend (without substantial excuse) the petition or any required documents, (b) provide adequate protection as ordered by the court, or (c) failed to perform the terms of a confirmed plan; or there has not been a substantial change in the debtor's financial or personal affairs since the dismissal of the prior case, or there has not been any other reason to conclude that the later case will not be concluded with a discharge (if it is a chapter 7 case) or with a confirmed plan that will be fully performed (if it is chapter 11 or 13 case).

Debtors had two prior cases pending within one year of the filing date of the instant case.  Pursuant to Section 362(c)(4)(D)(i)(I), the court finds that the presumption that the instant case was not filed in good faith applies.  The Debtors may rebut the presumption by clear and convincing evidence.  In

determining whether a presumption has been rebutted, courts consider the totality of the circumstances. *See In re Charles*, 332 B.R. 538 (Bankr. S.D. Tex. 2005); *In re Ball,* 336 B. R. 268 (Bankr. M.D. N.C. 2006); *In re Montoya,* 342 B. R. 312 (Bankr. S.D. Cal. 2006); *In re Baldassaro,* 338 B. R. 178 (Bankr. D. N.H. 2006); *In re Carr,* 344 B. R. 776 (Bankr. N.D. W.Va. 2006); *In re Ferguson,* 376 B. R. 109 (Bankr. E.D. Pa. 2007); *In re Mark,* 336 B. R. 260 (Bankr. D. Md. 2006).

In Debtors' First Case, the initial schedules identified only one piece of real property, Debtors' residence which they claimed as their homestead. Pendergraft Exhibit No. 1. At the initial creditors' meeting, held on December 10, 2009, Brown testified under oath that she owned an interest in two pieces of real property, their residence and real property in New Jersey which was occupied and paid for by her daughter. Brown claimed that she had forgotten that the New Jersey property was still in her name. Docket No. 20, Pages 5-6. Brown testified that, other than the two pieces of real property disclosed, she had not owned any other real estate in the last four years, either in New Jersey or Texas. Brown testified that she was not the owner of approximately 60 lots in a beach front subdivision in Sargent, Texas.[3] Upon further questioning by the Chapter 7

---

[3] The Transcript of the creditors' meeting refers to 60 lots while the schedules reflect that Debtors actually owned 70 lots.

Trustee, Brown testified that she had owned the lots for a very limited time. Brown testified that ownership of the lots is the subject of a pending title dispute. Docket No. 20, Pages 10-13. Brown also testified that she never operated any kind of hotel and that she had never been in any prior bankruptcy proceedings. Docket No. 20, Pages 4-5.

After the creditors' meeting in the First Case, Debtors amended Schedule A to include the Motel and the 70 lots but did not list the property in New Jersey that her daughter occupied. Pendergraft Exhibit No. 11. Debtors did not amend Schedule I to reflect that they received income from the Motel.

At the hearing on the instant motion to impose the stay, Brown testified that she did not recall what she said at the creditors' meeting held in the First Case in December 2009. Brown testified that she did not recall how many prior bankruptcy cases she filed but that all were filed *pro se.* Brown testified that she did not recall if she received a notice for a 2004 examination by Pendergraft. She did not recall receiving a Motion to Compel 2004 Examination filed by Pendergraft and did not recall filing a Response to the Motion. First Case, Docket Nos. 48 and 50. Brown testified that she did not attend any 2004 examination.

Brown testified that she did not recall filing a Pro Se Petition for a Writ of Injunction, with an attached Affidavit, on

10

April 29, 2010 in the state court case.  Brown acknowledged her signature on the Writ and the Affidavit.  The attached Affidavit, signed by the Debtors under oath, declared the facts contained within the Writ to be true and correct and based on Debtors' personal knowledge.  The Writ avers that the state court case was stayed pursuant to the automatic stay in effect as a result of the filing of Debtors' First Case.  Pendergraft Exhibit No. 7.  The First Case was dismissed by the bankruptcy court on April 8, 2010 at a hearing attended by the Debtors and upon their request for a voluntarily dismissal.  Three days after filing the Writ in state court, May 3, 2010, Debtors filed an Ex Parte Motion To Reopen the First Case in an attempt to prevent the sale of the Motel.  Docket No. 55; Pendergraft Exhibit No. 8.  Brown testified that she did not recall the sequence of events.  She testified that her lack of recollection was due to the fact that she has done so many *pro se* filings.

The court finds that Brown's testimony at the hearing on the instant motion was not credible and was evasive.  The court finds that Brown did not honestly and accurately complete her bankruptcy schedules in the First Case.  The court finds that Brown was untruthful with the Chapter 7 Trustee at the creditors' meeting held in the First Case.  The court finds that Debtors included information in the Writ filed in the state court which they knew to be false.

The three bankruptcy cases in this District were consecutively filed with no more than twelve days between each filing.[4]  Between the First Case and the Second Case, Debtors filed the Writ in the state court case.  The court finds that the Debtors' filings were designed to thwart Pendergraft's attempts to execute on the state court judgment.

The only evidence submitted by Debtor to rebut the presumption that the instant case has not been filed in good faith is Debtors' claim that the plan provides for payment of all secured and priority claims and that the Motel will be sold during the duration of the plan to fund the final balloon payment of $104,085.00.

The court notes that Pendergraft has the largest secured claim, $80,000, of the six secured claims to be paid under the proposed plan.[5]  The ability of Debtors to make the monthly plan payment is largely dependent upon the income derived from a seasonal business.  The largest distribution under the plan is to be paid in the 60th month and is dependent upon the possible sale of the Motel.  Debtors have not established that the proposed plan is one which will be fully performed if

---

[4] Case No. 09-80409-G3-7 was filed on September 14, 2009 and dismissed on April 8, 2010.  Case No. 10-80290-G3-13 was filed on May 20, 2010 and dismissed on July 23, 2010.  Case No. 10-80454-G3-13, the instant case, was filed on August 2, 1010.

[5] Two of the claims are approximately $25,000, one is $1,076.51, one is $855.59, and one is $226.36.

12

confirmed.

In the instant case, Debtors have failed to rebut the presumption that the case was not filed in good faith.  The court concludes that the instant motion should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Debtors' Emergency Motion For Imposition Of The Automatic Stay Pursuant to 11 U.S. C. Section 362(C)(4)(B)" (Docket No. 3).

Signed at Houston, Texas on the 2nd day of September, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE